UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **ALHAJ MOHAMMAD SHARIF,** | ) | CASE NO. **14-72333-JRS** |
| | ) | |
| DEBTOR. | ) | |

**CHAPTER 13 TRUSTEE'S RESPONSE TO FIRST INTERIM APPLICATION FOR CHAPTER 13 COMPENSATION OF THE ATTORNEYS-AT-LAW REPRESENTING THE DEBTOR**

COMES NOW ADAM M. GOODMAN, Standing Chapter 13 Trustee in the above-styled case, and files this Response to *First Interim Application for Chapter 13 Compensation of the Attorneys-at-Law Representing the Debtor* ("Fee Application"), and respectfully shows the Court as follows:

1.

This Chapter 13 case was filed on November 10, 2014 and the Plan has not been confirmed. The Plan currently provides for monthly payments of $513.79, a thirty-six (36) month applicable commitment period, and a pro rata share of $1,324.15 or a dividend of one percent (1%), whichever is greater, to be paid to unsecured creditors.

2.

On March 27, 2015, Debtor's attorneys filed a Fee Application (Doc. No. 28) applying for attorney fees and expenses totaling $11,105.76, of which $4,200.00 was a pre-petition attorney fee payment currently held in escrow by Debtor's attorneys, accrued expenses of $575.76, and another $6,330.00 of attorney fees. The Fee Application seeks payment directly from Debtor, or alternatively, payment through the Plan.

3.

The Trustee notes that the fees sought are substantially higher than those in most Chapter 13 cases. Although Debtor is self-employed, the Plan is fairly typical of a consumer Chapter 13 case: One vehicle is to be funded, one vehicle is to be surrendered,

no residential mortgage arrearage is anticipated, and a business lease arrearage is not to be funded in the Plan. The Trustee requests the Court review the reasonableness of the fees for which Debtor's attorneys have applied. *See* 11 U.S.C. § 330(a) and General Order No. 6-2006.

4.

The Trustee also notes that the *Disclosure of Compensation of Attorney for Debtor* filed November 11, 2014 (Doc. No. 8), does not contain a certification that Debtor's attorney provided Debtor a copy of the "Rights and Responsibilities" as required by General Order No. 6-2006.

5.

The Trustee also notes that any award of fees and expenses, particularly if paid through the Plan, might cause a significant delay in paying creditors. The Trustee requests that any Order awarding fees and costs direct that such fees and costs be paid directly by Debtor and not funded through the Plan.

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court review these matters, deny the Fee Application, and/or for such other relief as this Court deems just and proper.

Dated: This the 14th day of April, 2015.

Respectfully submitted,

*/s/ William A. Bozarth*
William A. Bozarth
GA Bar No. 940530
Staff Attorney for Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, Georgia 30303
678-510-1444

Case No. **14-72333-JRS**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served:

DEBTOR:

ALHAJ MOHAMMAD SHARIF
6238 HAYES DRIVE
NORCROSS, GA 30093

DEBTOR'S ATTORNEY:

JONES & WALDEN, LLC
21 EIGHTH STREET, NE
ATLANTA, GA 30309

with a copy of the foregoing Chapter 13 Trustee's Response to Fee Application by depositing in the United States Mail a copy of the same in a properly addressed envelope with adequate postage thereon.

Dated: This the 14th day of April, 2015.

William A. Bozarth
GA Bar No. 940530
Staff Attorney for Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta, Georgia 30303
678-510-1444